UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JUAREZ, CDCR #AI-3330,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES HILL, Warden, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 24-cv-2315-MMA (LR)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**(2) DENYING MOTION FOR EXTENSION OF TIME AS MOOT; AND**<br><br>[Doc. No. 5]<br><br>**(3) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

　　　Plaintiff Luis Juarez, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Doc. No. 1.  Plaintiff has not paid the civil filing fee but has instead filed a Motion to proceed *in forma pauperis* ("IFP").  Doc. No. 2.  Plaintiff has also filed a motion seeking an extension of time to submit a prisoner

trust account statement in support of his IFP motion. Doc. No. 5. Because the Court has received a copy of Plaintiff's inmate trust account statement, *see* Doc. No. 3 at 1-3, the Court **DENIES** Plaintiff's motion for extension of time as moot.

## I. MOTION TO PROCEED IFP

Anyone instituting a civil action in a district court of the United States must typically pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a failure to prepay the entire fee only if IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report which indicates that during the six months prior to filing suit Plaintiff had an average monthly balance of $531.71, average monthly deposits of $180.00, and an available balance of $459.53 in his account at the time he filed suit. Doc. No. 3 at 3. The Court **GRANTS** Plaintiff's motion to proceed IFP assesses an initial partial filing fee of $106.34 pursuant

to 28 U.S.C. § 1915(b)(1).  This initial fee need be collected only if sufficient funds are available in Plaintiff's account.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").  Pursuant to 28 U.S.C. § 1915(b)(2), the CDCR or any agency later having custody will forward payments to the Clerk until the $350 statutory fee is paid in full.

## II. S<small>CREENING</small> P<small>URSUANT TO</small> 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.  Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (citing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Allegations in the Complaint**

Plaintiff alleges that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, he "was the victim of excessive force which led to me sustaining injuries consisting of 2nd degree burns on my arms and [a] hernia which I have received surgery for." Doc. No. 1 at 4. Plaintiff states that he has a mental disability within the meaning of the Americans with Disabilities Act ("ADA") and is a member of the CDCR Enhanced Outpatient Program ("EOP"). *Id*. at 6. He claims RJD has a history of abusing inmates with mental health disabilities such that it has led to RJD being the first prison in the CDCR to require body worn cameras by correctional officers, and that the events at issue here were captured on video. *Id*. at 4–5.

Plaintiff alleges that on June 21, 2024, he "attempted to receive mental health treatment and refuse[d] a medical transport because I was afraid to travel with officers. While in the prison's treatment area I had a mental episode/panic attack after being refused mental health treatment for the fact I told officers I was suicidal and did not want to be alone with them." *Id*. at 7. Plaintiff alleges that Defendants RJD Correctional Officers Perez and Abdi, in retaliation for the loss of overtime pay they would have received had they been allowed to transport him, "maliciously used excessive force on me and placed me on a burning hot surface, then knowingly and continuously held me down subjecting me to torture [which] also led me to sustaining hernia injury." *Id*. at 6–7. He alleges Perez "maliciously used hot metal on ground plate to burn me," and

"Abdi's malicious intent can be further shown by his action of threatening to place me back on steam plate if I kept refusing medical transport." *Id*. at 4.

Plaintiff claims that "according to the incident report" Defendant RJD Correctional Officer Clark "also used force with above mentioned as well as failed to stop the malicious force and usage of steam plate to burn me." *Id*. at 5. He states that Defendants RJD Correctional Officers Law, Cole, Shelland, Perez, Moss and Canedo "were all on [the] report" of the incident and "all potentially either physically used force maliciously which burned me, gave me hernia that I will soon get surgery for, caused serious mental suffering or failed to stop other involved staff from torturing which they are required to do by law." *Id*. Plaintiff claims Defendant RJD Registered Nurse John Doe "also subjected me to cruel & unusual punishment with malicious intent when he gave me treatment which was inadequate and showed deliberate indifference." *Id*. He alleges Defendant RJD Warden Hill "is in official care of me and my well being and had not protected me from this action of excessive force." *Id*. at 4.

Plaintiff claims violations of his rights under the ADA, the "Monell Doctrine,"[1] to be free from cruel and unusual punishment under the Eighth Amendment, and to be free from retaliation under the Eighth and Fourteenth Amendments. *Id*. at 4-7.

**C. Discussion**

**1. Eighth Amendment**

The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core

---

[1] To the extent this is a reference to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), providing that municipalities may be liable for acts of their employees, it is not applicable here because there are no allegations of, or claims for, municipal liability. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a complaint with conclusory allegations of municipal liability under *Monell* fails to state a claim).

judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can only be held liable under the Eighth Amendment if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleges Defendants Perez and Abdi "placed me on a burning hot surface, then knowingly and continuously held me down subjecting me to torture [which] also led me to sustaining [a] hernia injury" and second degree burns, that Perez "maliciously used hot metal on ground plate to burn me," and that Abdi "threaten[ed] to place me back on steam plate if I kept refusing medical transport." Doc. No. 1 at 4, 6–7. These allegations are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to an Eighth Amendment claim against Defendants Perez and Abdi. *Wilhelm*, 680 F.3d at 1123; *Farmer*, 511 U.S. at 837; *Hudson*, 503 U.S. at 6-7; *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain."); *Baze v. Rees*, 553 U.S. 35, 48 (2008) (recognizing the Eighth Amendment prohibits torture). Plaintiff is entitled to have the U.S. Marshal effect service of the summons and Complaint against Defendants Perez and Abdi. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28

U.S.C. § 1915.").

The allegations against the remaining Defendants, however, are too conclusory to plausibly allege an Eighth Amendment violation. Plaintiff merely alleges that "according to the incident report" Defendant Clark used force and "failed to stop the malicious force and usage of steam plate to burn me." Doc. No. 1 at 5. He alleges Defendants Law, Cole, Shelland, Moss, and Canedo were all mentioned in the report of the incident and "all potentially either physically used force maliciously . . . or failed to stop other involved staff from torturing which they are required to do by law." *Id*. There are no *factual* allegations regarding what actions these Defendants took or failed to take, and what facts they were aware of or witness to which shows they actually drew an inference there was a substantial risk of serious harm to Plaintiff which they failed to prevent and which led to his injuries. *Farmer*, 511 U.S. at 837; *Iqbal*, 556 U.S. at 678 (conclusory assertions that defendants took some action or failed to do so are insufficient to state a § 1983 claim).

With respect to Plaintiff's Eighth Amendment claim for denial of medical care, the allegations of severe burns and a hernia are sufficient to allege a serious medical need. *See Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain."). However, with respect to the medical care received, the only allegations in the Complaint are that Defendant John Doe "also subjected me to cruel & unusual punishment with malicious intent when he gave me treatment which was inadequate and showed deliberate indifference." Doc. No. 1 at 5. The allegations regarding denial of medical care in the Complaint are entirely conclusory and lack any factual allegations as to why the medical care was inadequate. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to plausibly allege deliberate indifference to a serious medical need a prisoner must allege that a purposeful act or failure to respond to the

medical need caused harm); *Iqbal,* 556 U.S. at 678 (a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as the "mere possibility of misconduct" falls short of the plausibility standard); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (allegations of negligent medical care are insufficient to state claim for denial of prisoner medical treatment).

Plaintiff alleges RJD Warden Hill was responsible for his safety and welfare but failed to protect him. Doc. No. 1 at 3. "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted). There are no factual allegations that Warden Hill participated in or was aware of any of the Defendants' alleged acts or failures to act which injured Plaintiff *and* that Warden Hill failed to act to prevent them. *Id.*; *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation."); *Iqbal,* 556 U.S. at 678 (conclusory assertions that defendants took some action or failed to do so are insufficient to state a § 1983 claim).

Accordingly, Plaintiff's Eighth Amendment claims are dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) as to all Defendants other than the Eighth Amendment excessive force claim against Perez and Abdi. *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112.

### 2. *ADA*

Plaintiff claims his rights were violated under the ADA because he is a disabled person and RJD staff are trained to deal with disabled EOP prisoners such as himself but they chose to maliciously hurt him. Doc. No. 1 at 6. To state a claim under the ADA, a prisoner must allege:

>(1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of (his) disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007).

The Complaint fails to state an ADA claim because Plaintiff fails to plausibly allege any action by any Defendant was taken by reason of his disability. *Id.*; *Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting the plausibility standard).

In addition, Plaintiff may not pursue an ADA claim against the individual Defendants in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [their] individual capacity to vindicate rights created by Title II of the ADA."); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (holding that the "ADA applies only to public entities"). Although as a prisoner with a disability Plaintiff may sue the CDCR under the ADA, *see United States v. Georgia*, 546 U.S. 151, 153 (2006), he must still prove intentional discrimination. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138, 1139-41 (9th Cir. 2001). The public entity's actions "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id*. at 1139 (noting that intentional discrimination under the ADA is similar to the deliberate indifference standard requiring knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood). Plaintiff's Complaint fails to plausibly allege any Defendant acted because of his disability. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

Plaintiff's ADA claim therefore is dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Wilhelm*, 680 F.3d at 1121; *Watison*,

668 F.3d at 1112; *O'Guinn*, 502 F.3d at 1060; *Iqbal*, 556 U.S. at 678.

### 3. Retaliation

Finally, Plaintiff alleges that Defendants Perez and Abdi used excessive force and tortured him in retaliation for the loss of overtime they would have received but for Plaintiff's refusal to allow them to medically transport him. Doc. No. 1 at 6–7. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of [her] First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Plaintiff must allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct. *Watison*, 668 F.3d at 1114.

The Complaint contains no factual allegations regarding why Plaintiff contends Defendants Perez and Abdi retaliated against him because they were denied overtime from Plaintiff failing to agree to medical transport, merely a conclusion they were so motivated. Such conclusory statements of retaliatory intent are insufficient to state a claim. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient.").

The retaliation claim in the Complaint is dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Rhodes*, 408 F.3d at 567–68; *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112, 1114.

### D. Plaintiff's Options

Because the Court has determined that Plaintiff's Eighth Amendment excessive force claim against Defendants Perez and Abdi survives the *sua sponte* screening process but his remaining claims against the remaining Defendants do not, Plaintiff is given the

opportunity to either: (1) notify the Court of his intent to proceed only with the Eighth Amendment claim in the Complaint against Defendants Perez and Abdi; or (2) file a First Amended Complaint that attempts to correct any or all of the deficiencies of pleading identified in this Order.  **Plaintiff must choose one of those options within forty-five (45) days from the date this Order is filed.**  If Plaintiff notifies the Court he wishes to proceed only with his claims against Defendants Perez and Abdi, the Court will issue an Order directing the Clerk to issue the summons as to those Defendants and direct the U.S. Marshal to effect service of the summons and Complaint on Defendants Perez and Adbi, and all remaining claims and Defendants will remain dismissed from this action.

### III. CONCLUSION

Accordingly, good cause appearing, the Court:

1) **DENIES** as moot Plaintiff's Motion for an extension of time to submit a trust account statement (Doc. No. 5).

2) **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2).

3) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account an initial partial filing fee of $106.34 if sufficient funds are available and to collect the balance of $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

4) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

5) **DISMISSES** all claims against all Defendants in the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with the exception of the Eighth Amendment claim against Perez and Abdi.

6) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to (1) notify the Court of his intent to proceed only with his claims in the Complaint

against Defendants Perez and Abdi; or (2) file a First Amended Complaint that attempts to correct any or all of the deficiencies of pleading identified in this Order. Any amended complaint must be complete by itself without reference to any prior version of the complaint. Defendants not named and any claims not re-alleged in an amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

Failure to respond to this Order will result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order).

**IT IS SO ORDERED**.

Dated: April 16, 2025

HON. MICHAEL M. ANELLO
United States District Judge