UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JUAREZ, CDCR #AI-3330,<br><br>              Plaintiff,<br><br>    vs.<br><br>JAMES HILL, Warden, et al.,<br><br>              Defendants. | Case No.: 24-cv-2315-MMA-LR<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>[Doc. No. 8] |

Plaintiff Luis Juarez, currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 16, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and screened his complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Doc. No. 6. The Court found that while Plaintiff alleged a plausible excessive force claim against Richard J. Donovan Correctional Facility Officers Perez and Abdi, the remainder of his complaint failed to state any other claim upon which § 1983 relief could be granted. *Id.* at 5–11. Therefore, the Court provided Plaintiff with an explanation of his pleading deficiencies, and granted him 45 days leave in which to either fix them in an amended complaint or to notify the Court of his intent to proceed only with his adequately pleaded claims against Defendants Perez and Abdi. *Id.* at 10–12.

1

On May 30, 2025, Plaintiff filed a motion requesting a 30-day extension of time in which to file an amended complaint. *See* Doc. No. 8. "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown). Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires. Fed. R. Civ. P. 6(b)(1)(A). "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Fed. Practice and Proc. § 1165 (3d ed. 2004)).

Plaintiff claims he has a learning disability, has been transferred to CCI, a "mental health facility," and is receiving assistance from a fellow inmate to amend his pleading. *See* Doc. No. 8 at 1. Plaintiff claims he is almost finished, but needs an additional 30 days to complete and submit his amended complaint. *Id.* Good cause appearing, the Court **GRANTS** Plaintiff's motion, Doc. No. 8, and **EXTENDS** the time in which he may comply with its April 16, 2025 order. Plaintiff's amended complaint must address all the pleading requirements set out in that order and must be submitted to the Clerk of the Court for filing on or before **July 21, 2025**.

If Plaintiff fails to file an amended complaint or notify the Court of his alternate intention to proceed only with the claims adequately pleaded in his original complaint on or before **July 21, 2025**, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in

compliance with a court order. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: June 5, 2025

HON. MICHAEL M. ANELLO
United States District Judge